UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NATHANIEL STANLEY, et al.                                                                                    PLAINTIFFS

v.                                                                                  CIVIL ACTION NO. 3:09CV-231-S

INSIGHTS TRAINING GROUP, LLC, et al.                                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, William Houston, to dismiss the action as to him (DN 6) and motion of the plaintiffs, Nathaniel Stanley and Darla Flannery, to remand the action to state court (DN 10).

The court finds that defects in process and service of process on William Houston are dispositive of both motions before the court. For the reasons set out below, the motion to dismiss the claims against Houston will be granted and the motion for remand will be denied.

The plaintiffs, Nathaniel Stanley and Darla Flannery, filed their complaint in the Jefferson County, Kentucky, Circuit Court on March 3, 2009. The plaintiffs named Insights Training Group, LLC, Horizons Youth Services LLC, and William Houston as defendants. Service was effected on the two business entities. It appears undisputed that Houston has not been served in this case.

At the time of removal, Insights and Horizons noted that Houston had not been served, and therefore was not properly named as a defendant. In addition, they asserted that Houston had been fraudulently joined to defeat diversity. *See*, Notice of Removal. As of the date of this decision service has evidently not been made on Houston.

Pursuant to Fed.R.Civ.P. 4(m), "if a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified

time." The plaintiffs quote this very provision, noting that at the time of the filing of their response, the 120-day period for service had not expired. It has long expired since the filing of the plaintiffs' brief. (*See*, DN 9). The plaintiffs urge that 28 U.S.C. § 1448 provides a remedy by which they may perfect service and then seek remand. Therefore, they contend that the court should not dismiss Houston, as they can simply name his as a party again. However, to date, they have not served him, the time for service has long since run, and he will be dismissed from the suit. 28 U.S.C. § 1448 does not address service after a defendant has been dismissed and is then named in an amended federal court pleading. The defendants have noted that Houston no longer lives in Kentucky. The court will not speculate on the procedural outcome under hypothetical scenarios. The court must deal with the facts at hand, all of which indicate that removal of the action from the state court was proper.

>28 U.S.C. § 1441(b) states that
>
>Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The plaintiffs have not shown that Houston was properly joined and served, and therefore his citizenship will be disregarded in assessing the propriety of removal. *See, McCall v. Scott*, 239 F.3d 808, 813, n. 2 (6th Cir. 2001); *Lindsey v. Kentucky Medical Investors, Ltd.*, 2005 WL 2281607 (E.D.Ky. Sept. 19, 2005).

For the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiffs, Nathaniel Stanley and Darla Flannery, to remand (DN 10) is **DENIED**.

- 3 -

**IT IS FURTHER ORDERED** that the motion of the defendant, William Houston, to dismiss (DN 6) is **GRANTED** and the action is **DISMISSED AS TO HIM WITHOUT PREJUDICE pursuant to Fed.R.Civ.P. 4(m).**

**IT IS SO ORDERED.**

October 27, 2009

**Charles R. Simpson III, Judge**
**United States District Court**