UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NATHANIEL STANLEY, *et al.*                                                                 PLAINTIFFS

v.                                                                          CIVIL ACTION NO. 3:09-CV-00231

INSIGHTS TRAINING GROUP, LLC, *et al.*                                               DEFENDANTS

### MEMORANDUM OPINION AND ORDER

In a January 3, 2013 order and accompanying memorandum opinion (DNs 58 and 59), this court granted the motion of the defendants, Insights Training Group and Horizon Youth Services, LLC, for summary judgment and dismissed the action with prejudice. The plaintiffs, Nathaniel Stanley and Darla Flannery, now move for reconsideration of that order and accompanying opinion (DN 60).

Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment within 28 days after entry of the judgment. Motions made pursuant to Rule 59(e) may be granted in the following four situations: (1) where the court made a clear error of law; (2) where new evidence has been discovered; (3) where there has been an intervening change in the controlling law; or (4) where there is a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). On the other hand, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

The court granted the defendants' summary judgment motion because it found that viewing the evidence in the light most favorable to the plaintiffs, the complaints for which they contended

they were fired by the defendants could only be construed as opposition to displays by managers of favoritism for their consensual paramours. The court noted the widespread agreement by courts that preferential treatment for consensual romantic partners does not constitute unlawful gender discrimination. Further, all courts to have considered the issue had found that a plaintiff's complaint about favoritism resulting from consensual affairs was not based on a reasonable belief by the plaintiff that he or she was opposing an unlawful practice, and thus such complaints were not protected activities (DN 58 at 13-14). Applying those principles to this case, it was apparent that the plaintiffs' complaints about managers showing favoritism for their consensual paramours were not protected activities.

The plaintiffs' motion for reconsideration does not point to any new evidence, nor does it argue that there has been any recent change in the controlling law. Instead, the plaintiffs simply seem to be arguing that the court got it wrong the first time around. However, their motion for reconsideration cites to no allegedly overlooked record evidence or legal authority such as would give this court cause to reconsider its order granting the defendants' summary judgment motion.

First, the plaintiffs do not cite to any cases calling into question the court's dispositive conclusion of law that a plaintiff voicing opposition to a manager's favoritism for a consensual paramour does not have a reasonable basis to believe he or she is opposing an unlawful practice. What little law the plaintiffs do cite in their motion for reconsideration mostly sets forth general standards for assessing retaliation claims. The only two other cases cited by the plaintiffs are not directed at the question of whether complaints of favoritism stemming from consensual affairs are protected activity, and thus do not call into question the court's holding. For instance, the plaintiffs rely on the concurring opinion of Justice Keller in *Brooks v. Lexington-Fayette Urban County*

*Housing Authority*, 132 S.W.3d 790, 811 (2004) (Keller, J., concurring), in which he argued that the "adverse employment action" element of a *prima facie* case of retaliation under Kentucky law was not the same as that element in a case brought under federal law. Thus, the issue had nothing to do with whether the plaintiffs' complaints in this case constituted protected activities. Moreover, Justice Keller's opinion on that issue was contrary to the opinion of a majority of the Kentucky Supreme Court. *See Brooks*, 132 S.W.3d at 801-802. Thus, its precedential value is, to be generous, minimal. The other case cited by the plaintiffs, *McClellan v. Serv. Corp. Int'l*, 2010 WL 476005 (Ky. Ct. App. Feb. 12, 2010), also has nothing to do with whether complaints about favoritism for consensual paramours constitute a protected activity. That case concerned statements made by two employees during an internal investigation by a company of a complaint made by a different employee that she had been sexually harassed by a co-worker. Citation to these completely factually inapposite cases does not establish the type of clear error of law for which a Rule 59(e) motion is appropriate.

      The plaintiffs' motion for reconsideration argues that they were complaining of *quid pro quo* sexual harassment. They state – without citing to any record evidence – that the witnesses "consistently testified that the only way to succeed or have job security as an employee of Defendants was to sleep with upper management." But this statement is a twisting of the evidence before the court on the summary judgment motions. As explained in this court's prior opinion, the evidence, taken in the light most favorable to the plaintiffs, showed only that those employees who had consensual relationships with managers were shown favoritism by the managers. The distinction between favoritism for consensual paramours and *quid pro quo* sexual harassment is a crucial one in light of the court's holding that complaining about favoritism for consensual paramours is not a

- 4 -

protected activity under the law. Without citation to some evidence overlooked by the court that would show that the plaintiffs complained of something more than favoritism stemming from consensual affairs, the court sees no basis for reconsidering its grant of summary judgment to the defendants.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the plaintiffs' motion for reconsideration of this court's January 3, 2013 order (DN 60) is **DENIED**. There being no just reason for delay in its entry, this is a final order.

**IT IS SO ORDERED.**

April 15, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**